BUTCHER v CITY OF DETROIT

Docket No. 88909. Submitted May 22, 1986, at Detroit. Decided July 11, 1986. Leave to appeal denied, 428 Mich 861.

The City of Detroit has an ordinance requiring a valid certificate of approval or inspection report from the city before a person may sell or transfer a one- or two-family residential structure in the city. The ordinance also authorizes an inspection fee to be charged to the seller. Janet Butcher, on behalf of herself and others similarly situated, brought suit in Wayne Circuit Court, alleging that the ordinance was invalid for numerous reasons. The court, John H. Hausner, J., granted a partial summary judgment for the plaintiff holding that the ordinance was unconstitutional. The defendant appealed by leave granted. The Court of Appeals reversed the grant of partial summary judgment, expressly finding that defendant had authority to pass the ordinance under its general police powers and that the ordinance did not constitute an unconstitutional taking of property without due process. The Court also expressly refused to address plaintiff's allegations that the ordinance violated equal protection and authorized an unconstitutional search because the trial court had not addressed those issues. The case was remanded to the trial court for further proceedings, 133 Mich App 698 (1984). Plaintiff sought leave to appeal to the Supreme Court. Leave to appeal was denied, 419 Mich 917 (1984), but the Supreme Court ordered the trial court, on remand, to consider plaintiff's remaining challenges to the ordinance. On remand, the trial court again granted plaintiff's motion for partial summary judgment, finding that the ordinance constituted a taking of property without due process and that the ordinance denied plaintiff equal protection and authorized an unreasonable search. Defendant appealed.

The Court of Appeals *held*:

REFERENCES

Am Jur 2d, Constitutional Law § 251.

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 361 *et seq.*

See the annotations in the Index to Annotations under Constitutional Law; Municipal Corporations.

1. The trial court erred in finding that defendant's ordinance permits a taking of property without due process of law. That claim was reviewed and rejected in the prior opinion issued in this case. The trial court therefore could not, upon remand, properly base its grant of summary judgment to plaintiff on this issue.

2. The trial court erred in finding that plaintiff, prior to presenting any proofs that the ordinance denied plaintiff equal protection of the laws, had overcome the presumption of the validity of the ordinance and had met the burden of showing that the ordinance was without reasonable justification. In fact, there is no genuine issue of material fact that the classifications in the ordinance are rationally related to a legitimate governmental interest. Plaintiff therefore could not possibly overcome the presumption of the constitutional validity of the ordinance at trial. Defendant is entitled to judgment as a matter of law on plaintiff's equal protection claim.

3. The trial court erred in finding that the ordinance authorized an unreasonable search in violation of the United States and Michigan Constitutions. Defendant is entitled to judgment as a matter of law on this issue and to dismissal of plaintiff's claim.

Reversed.

1. CONSTITUTIONAL LAW — ORDINANCES — EQUAL PROTECTION.

An equal protection analysis of an ordinance, particularly where there is no suggestion of a suspect classification such as race, begins with the principles that the burden is on the person challenging the classification to show that it is without reasonable justification and that ordinances are cloaked with a presumption of constitutional validity; an ordinance will be upheld against an equal protection challenge if it contains a classification rationally related to a legitimate governmental interest.

2. MUNICIPAL CORPORATIONS — BUILDING INSPECTIONS — SEARCHES AND SEIZURES.

A city ordinance requiring an inspection for one- and two-family dwellings at the point of sale is not subject to the constitutional warrant requirement if it contains all the necessary protection against unreasonable searches (US Const, Am XIV; Const 1963, art 1, § 11).

*Robert E. Butcher,* for plaintiff.

*Donald Pailen,* Corporation Counsel, *Joseph N. Baltimore,* Assistant Corporation Counsel, and

*Thomas Serowik,* Assistant 'Corporation Counsel, *Craig, Farber, Downs & Dise, P.C.* (by *Roger E. Craig*), Special Counsel, and *Otto J. Hetzel,* Special Counsel, for defendant.

Amici Curiae:

*Michigan Legal Services* (by *Marilyn Mullane*), for Westside Mothers Welfare Rights Organization, United Community Housing Coalition, and Michigan Legal Service.

Before: MacKENZIE, P.J., and BEASLEY and C. W. SIMON,* JJ.

PER CURIAM. Plaintiff, Janet Butcher, filed this suit claiming that defendant City of Detroit's ordinance (124-H §§ 12-7-1 *et seq.*) requiring an inspection for one-and two-family dwellings at the point of sale was unconstitutional. On June 3, 1982, the trial judge granted plaintiff's motion 'for partial summary judgment, finding that defendant city lacked authority to pass the ordinance and that the ordinance constituted a taking of property without due process of law. On appeal, this Court reversed the trial judge's grant of partial summary judgment, expressly finding that defendant city had authority to pass the ordinance under its general police powers and that the ordinance did not constitute an unconstitutional taking of property without due process.[1]

However, this Court, when deciding the issues involved in the first appeal, expressly refused to address plaintiff's allegations that the ordinance violated equal protection and authorized an unconstitutional search, since the trial judge had not

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] *Butcher v Detroit,* 131 Mich App 698; 374 NW2d 702 (1984), lv den 419 Mich 917 (1984).

addressed these issues.[2] The case was remanded to the trial court for further proceedings. Subsequently, the Michigan Supreme Court denied plaintiff's application for leave to appeal this Court's decision, but expressly ordered the trial court, on remand, to consider plaintiff's remaining challenges to the ordinance. On remand, the trial judge again granted plaintiff's motion for partial summary judgment, again finding that the ordinance constituted a taking of property without due process and additionally finding that the ordinance denied plaintiff equal protection and authorized an unreasonable search. Defendant again appeals as of right.

As stated in this Court's prior decision in this case, defendant city's ordinance requires a valid certificate of approval or a valid inspection report from defendant before a person may sell a one- or two-family residential structure in the city. The ordinance was more fully explained in *Brand v Hartman*,[3] where the Court concluded that the ordinance

> is a pre-sale inspection ordinance which requires that an inspection report and certificate of approval be issued, for a reasonable fee, at sale or transfer except a sale or transfer by lease, mortgage, gift, devise, bequest or lien foreclosure.

In addressing this case for the second time on appeal, we first note that the trial judge erred in finding that defendant city's ordinance constitutes a taking of property without due process of law, in violation of US Const, Am XIV and Const 1963, art 1, § 17. This Court completely reviewed and rejected this claim in the prior opinion issued in

---

[2] *Id.*, p 701, n 4.

[3] 122 Mich App 326, 330-331, 333; 332 NW2d 479 (1983), rev'd 422 Mich 883 (1985).

this case.[4] Thus, the trial judge could not, upon remand, properly base his grant of summary judgment to plaintiff on this rejected claim.

In this appeal, defendant argues that the trial judge also erred in finding that the ordinance denied plaintiff equal protection of the laws, in violation of US Const, Am XIV and Const 1963, art 1, § 2. Plaintiff, in the trial court, challenged various classifications, exceptions and exemptions provided in the ordinance. Specifically, plaintiff points to the fact that the ordinance only requires inspections for one- and two-family residential structures located in Detroit, that inspections are required only upon a sale or transfer for consideration, that inspections are not required for transfers to persons who have occupied the property for twelve months prior to the sale or transfer, and that certificates of approval are not required if the purchaser waives tender of the certificate.

Despite plaintiff's arguments on appeal, the standard of review of the classifications, exclusions and exemptions included in the ordinance is clear. This is so since the ordinance does not provide for any suspect classifications such as race, or quasi-suspect classifications such as gender, nor does it infringe upon any fundamental rights by authorizing takings of property without due process (see discussion above) or by authorizing unreasonable searches (see discussion below).

In *Rouge Parkway Associates v City of Wayne*,[5] the Michigan Supreme Court described the applicable equal protection test in this situation where no suspect class or fundamental rights are involved:

An equal protection analysis, particularly where

[4] See *Butcher, supra.*
[5] 423 Mich 411, 421-422; 377 NW2d 748 (1985).

there is no suggestion of a suspect classification such as race, begins with the principle that the "burden is on the person challenging the classification to show that it is without reasonable justification," *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 668; 232 NW2d 636 (1975), and "[s]tatutes are cloaked with a presumption of constitutional validity." *Id.,* p 667. A statute will be upheld against an equal protection challenge if it contains a classification rationally related to a legitimate governmental interest. *Shavers v Attorney General,* 402 Mich 554, 613; 267 NW2d 72 (1978).

The legitimate government purpose of the ordinance was described in this Court's prior *Butcher* opinion in rejecting plaintiff's due process claim:

> [T]he ordinance ensures that one- and two-family dwellings meet certain minimum requirements. The ordinance is defendant's way of ensuring that a buyer has more recourse on buying a house less valuable than anticipated than merely stoically accepting the saw "caveat emptor". Moreover, the ordinance helps combat housing deterioration. [*Butcher, supra,* p 707.]

The classifications, exclusions and exemptions are rationally related to these legitimate governmental purposes of the ordinance. They are especially related to the legitimate purpose of protecting buyers from latent housing defects and from fraud on the part of a seller. Defendant has rationally concluded that buyers of one- and two-family residential structures need more protection than more sophisticated purchasers of larger residential structures; that the problem of housing deterioration and the risk of fraud upon sale is higher in the large urban environment of defendant city than elsewhere in the state; that buyers for consideration who plan to reside in the structure need

more protection from fraud and latent defects at the time of transfer than do transferees who have not paid consideration for the property (i.e., receive the structure by gift, devise, bequest or lien foreclosure), transferees that do not plan to reside in the structure (mortgagees) and transferees that only have a temporary right to posses and do not own the structure (lessees); and that buyers who have resided in the property for twelve months immediately prior to the sale are not as likely to need the protection an inspection provides.

In addition, the ordinance provision which allows a purchaser to waive the tender of a certificate of approval by the seller is not a classification without a rational basis. The seller is still required to have an inspection of the structure. Thus, the waiver of a certificate of approval occurs only after the buyer is aware of any defects in the structure. The exemption rationally allows the purchaser to bargain with the seller at the time of purchase concerning who will pay for bringing the structure into compliance with minimum housing standards. The waiver provision in no way creates a class of sellers of one- and two-family residential structures who are exempt from the inspection requirement and the requirement of having the structures brought up to minimum standards, either by the seller or the buyer.

In light of our discussion above, which clearly indicates that the classifications in the ordinance are rationally related to legitimate governmental interests, we conclude that the trial judge erred in finding that plaintiff, prior to presenting any proofs in this matter, had overcome the presumption of the validity of the ordinance and had met the burden of showing that the ordinance was without reasonable justification. In fact, we find that there is no genuine issue of material fact that

the classifications in the ordinance are rationally related to a legitimate governmental interest and further find that plaintiff could not possibly overcome the presumption of the constitutional validity of the ordinance at trial. Therefore, we conclude that defendant city is entitled to judgment as a matter of law on plaintiff's equal protection claim.

Defendant in this appeal also argues that the trial judge erred in finding that the ordinance authorized an unreasonable search, in violation of US Const, Am IV and Const 1963, art 1, § 11. We agree.

Plaintiff, in the trial court, based her Fourth Amendment argument on cases which, pursuant to *Camara v Municipal Court of the City & Co of San Francisco*,[6] invalidated building inspection ordinances that did not allow a property owner to demand a search warrant prior to the inspection. However, the ordinance in this case does provide that the inspector is required to advise the owner that he or she has the right to refuse entry to an inspector who does not have a search warrant.[7] Ordinances that provide that a warrant is required upon an owner's refusal to consent to an inspection have been consistently upheld as constitutional.[8] In the situation where a point of sale inspection ordinance provides for a warrant requirement, the *Hometown* court found that the property owner is no longer forced to choose between consenting to a search without a warrant or subjecting himself or herself to substantial fines for failure to procure a certificate of inspection. If the property owner refuses to consent to the in-

---

[6] 387 US 523; 87 S Ct 1727; 18 L Ed 2d 930 (1967).

[7] 124-H, § 12-7-4.

[8] See *Hometown Co-Operative Apartments v City of Hometown*, 515 F Supp 502, 504 (N D Ill, 1981).

spection, the city must procure a warrant in order to gain access to the property. The *Hometown* court concluded that such an ordinance is in accord with the Fourth Amendment proscription of unreasonable searches and seizures.

We agree with the reasoning of the *Hometown* decision, but we do note that the ordinance involved in *Hometown* only required the buyer to obtain a certificate of inspection after a sale or face a fine. The ordinance in *Hometown* did not require a seller to arrange for an inspection prior to the time a legal sale could be made, as does defendant's ordinance. Thus, it appears that defendant's ordinance, despite the provision allowing an owner-seller to demand a search warrant, compels the seller to choose between a search without a warrant or no search at all and, thus, no possibility of a legal sale. The right to require a warrant in such a situation, where the owner needs the inspection before he can legally sell the structure, becomes rather meaningless.

However, the safeguards provided by a warrant in the situation presented by the inspections required under defendant's ordinance are also meaningless. Many inspections will occur just prior to sale when the structures are vacant and the owner's expectations of privacy are relatively low. In addition, the housing inspector has no discretion regarding which structures are to be searched. An inspection under the ordinance only occurs when the owner-seller requests one. The inspection is restricted to the published guidelines required by the ordinance. Thus, both the scope and the timing of the inspection are known by the owner in advance. Furthermore, the inspection has no connection with a criminal investigation. The presence of violations has no punitive consequences for the landlord. In such a situation, we conclude that

the inspection process itself effectively provides the assurances and safeguards of a warrant and renders the procurement of a search warrant unnecessary.[9]

In *Dome Realty, Inc v City of Paterson,*[10] the court addressed a Fourth Amendment challenge to a city ordinance, closely analogous to this defendant's, which required landlords to request inspections and obtain certificates of occupancy prior to renting a vacated apartment to a new tenant and concluded:

> United States Supreme Court cases regarding the warrant requirement focus on the increased protection that a warrant affords individual privacy.
>
> "The authority to make warrantless searches devolves almost unbridled discretion upon executive and administrative officers, particularly those in the field, as to when to search and whom to search. A warrant, by contrast, would provide assurances from a neutral officer that the inspection is reasonable under the Constitution, is authorized by statute, and is pursuant to an administrative plan containing specific neutral criteria. Also, a warrant would then and there advise the owner of the scope and objects of the search . . . . [*Marshall v Barlow's, Inc,* 436 US 323; 98 S Ct 1825-1826."
>
> None of the dangers and all of the advantages of this characterization are presently found in the Paterson inspection scheme. A warrant requirement in the ordinance would thus appear to be superfluous. We therefore hold that the Paterson ordinance contains all the necessary protection against unreasonable searches and is not subject to the Warrant Clause of the Fourth Amendment.

[9] See *Dome Realty, Inc v City of Paterson,* 83 NJ 212, 239-241;416 A2d 334, 349-350 (1980).

[10] *Id.,* p 241.

Likewise, defendant city's ordinance, as described above, contains all the necessary protection against unreasonable searches and is not subject to the constitutional warrant requirement. Therefore, we conclude that the trial judge erred in finding that defendant's ordinance authorized unreasonable searches in violation of the federal and state constitutions. Again, defendant is entitled to judgment as a matter of law on this issue and dismissal of plaintiff's claim.

Reversed.