NORTHGATE TOWERS ASSOCIATES v ROYAL OAK CHARTER TOWNSHIP

Docket No. 184622. Submitted October 17, 1995, at Lansing. Decided December 8, 1995, at 9:00 A.M. Leave to appeal sought.

Northgate Towers Associates brought an action in the Oakland Circuit Court against Royal Oak Charter Township and others, seeking a declaration regarding the constitutionality of a Royal Oak Charter Township ordinance, adopted through three resolutions by the Royal Oak Township Board of Trustees, that requires the annual inspection and licensing of residential rental units. The court, James S. Thorburn, J., declared that the required licensing and inspection fees constituted an illegal tax, that a conflict between payment of the inspection fee twice a year under one resolution and once every two years under another resolution rendered the ordinance unconstitutionally vague, and that the ordinance allowed inspectors to conduct unconstitutional searches without warrants where they are denied permission for entry. The defendants appealed.

The Court of Appeals *held:*

1. The trial court erred in determining that the fees required under the ordinance constituted an illegal tax. The plaintiff failed to overcome the presumption that the fees bore a reasonable relationship to costs incurred by the township in inspection and licensing.

2. The trial court correctly determined that the ordinance was void for vagueness relating to the frequency of the required inspection fee.

3. The trial court correctly determined that the inspection provisions of the ordinance authorized unconstitutional searches without warrants. The ordinance was unconstitutional because it did not require an inspector to advise an occupant

REFERENCES

Am Jur 2d, Licenses and Permits §§ 14-16; Municipal Corporations, Counties, and Other Political Subdivisions §§ 367, 368, 398-406; Search and Seizure § 60.

See ALR Index under Municipal Corporations; Police Power; Search and Seizure.

that the occupant has the right to refuse entry by an inspector who does not have a search warrant.

Affirmed.

1. TOWNSHIPS — POLICE POWERS — TAXATION.

Police power may be used to collect only those fees that bear a reasonable relationship to the expense involved; such power may not be used as a subterfuge to enact and enforce what is in reality a revenue-raising ordinance; fees required by ordinance are presumed reasonable but may be found constitutionally infirm if they bear no reasonable relationship to the expense for which they are chargeable.

2. CONSTITUTIONAL LAW — DUE PROCESS — ORDINANCES — VAGUENESS.

An ordinance must be sufficiently clear and definite to give those reading it fair notice of prohibited conduct; an ordinance is void on its face if persons of common intelligence must necessarily guess at its meaning and differ with regard to its application.

3. TOWNSHIPS — INSPECTIONS OF RENTAL HOUSING — CONSTITUTIONAL LAW — SEARCHES AND SEIZURES.

A township ordinance requiring annual inspection of rental housing by township inspectors is unconstitutional if it does not require an inspector to advise an occupant that the occupant has the right to refuse entry by an inspector who does not have a search warrant.

*Hyman and Lippitt, P.C.* (by *J. Leonard Hyman* and *Paul J. Fischer*), for the plaintiff.

*H. Wallace Parker,* for the defendants.

Before: MacKENZIE, P.J., and FITZGERALD and J. P. O'BRIEN,* JJ.

PER CURIAM. Defendants appeal as of right from a judgment that declared Royal Oak Charter Township Ordinance 91-002 unenforceable and prohibited the collection of any fees under the ordinance. We affirm.

The basic facts are not in dispute. In 1991, the

* Circuit judge, sitting on the Court of Appeals by assignment.

Royal Oak Township Board of Trustees adopted Ordinance 91-002, which requires residential rental units to be licensed on an annual basis. The ordinance provided that a license would be issued only after the interior and exterior of the residence had been inspected by the township. A resolution giving effect to the ordinance set an annual licensing fee of $25 a unit. Two additional resolutions, both passed on the same day, set an inspection fee of $25, but conflicted concerning the frequency with which landlords would be required to pay the fee. One required payment of the inspection fee biannually (twice a year) and the other required payment biennially (once every two years).

Plaintiff is the owner of certain residential rental units located within Royal Oak Charter Township. After refusing to pay the license and inspection fees, plaintiff filed this lawsuit, seeking a declaration that Ordinance 91-002 was unconstitutional and constituted an illegal tax. The trial court ruled that (1) the township failed to show that the fees charged were proportionate to the costs of licensing and inspection, (2) the conflicting resolutions rendered the ordinance unconstitutionally vague, and (3) the required inspections could not be performed without probable cause or a search warrant.

On appeal, the township contends that the trial court erred in determining that the fees charged under Ordinance 91-002 constituted an illegal tax. On the basis of our review de novo, *Foreman v Oakland Co Treasurer,* 57 Mich App 231; 226 NW2d 67 (1974), we agree.

Police power may be used to collect only those fees that bear a reasonable relationship to the expense involved. *Merrelli v St Clair Shores,* 355 Mich 575, 584, 588; 96 NW2d 144 (1959). If the

amount of the fee is wholly out of proportion to the expense involved, the fee will be declared a tax. *Id.* Police power may not be used as a subterfuge to enact and enforce what is in reality a revenue-raising ordinance. *Id.* Statutorily enacted fees are presumed reasonable, but may be found constitutionally infirm if they bear no reasonable relationship to the expense for which they are chargeable. *Iroquois Properties v East Lansing,* 160 Mich App 544, 562; 408 NW2d 495 (1987), quoting *Foreman, supra.* "[P]laintiffs have the burden of going forward with the evidence and the burden of proving unreasonableness." *Foreman, supra,* p 238.

In support of its argument that the licensing and inspection fees at issue in this case were illegal taxes, plaintiff offered the township's statement, in answer to an interrogatory, that "[e]nforcement of the ordinance will generate additional legitimate revenue which is of vital importance to the Township at a time of diminishing state aid." As plaintiff argues, this statement strongly suggests that the ordinance was viewed by the township as a revenue-generating device. However, in light of evidence produced by defendants, we cannot conclude that plaintiff overcame the presumption that the fees bore a reasonable relationship to the cost of inspection and licensing. A study and survey submitted by the township and conducted by McKenna Associates found that the fees were in general accordance with or lower than the fees charged by other communities. A report submitted by McKenna to defense counsel indicated that the "total costs encountered by the Township in administration of the Ordinance bear a reasonable relationship to the fees. In fact, the fees probably do not include all costs that could be reasonably included." Defendants also produced

tables demonstrating the basis for McKenna's conclusions. In light of the evidence presented by the township that the fees bore a reasonable relationship to the costs of licensing and inspection, we conclude that plaintiff failed to overcome the presumption that the fees were reasonable. The trial court erred in finding Ordinance 91-002 unenforceable on this ground.

Nevertheless, we find no error in the court's determination that the ordinance and the resolutions were unenforceable on grounds of vagueness and due process.

A statute or ordinance may be challenged for vagueness if it does not provide fair notice of the conduct proscribed. *West Bloomfield Charter Twp v Karchon,* 209 Mich App 43, 48; 530 NW2d 99 (1995). An ordinance must be sufficiently clear and definite to give those reading it fair notice of prohibited conduct. *Allison v Southfield,* 172 Mich App 592, 596; 432 NW2d 369 (1988). An ordinance is void on its face if persons of common intelligence must necessarily guess at its meaning and differ with regard to its application. *Karchon, supra,* p 49.

In this case, to the extent that the township's resolutions require payment of the inspection fee on both a biannual and a biennial basis, they are obviously void for vagueness; no interpretation of the resolutions can bring them into harmony. The township's explanation in the trial court was that "there was a corrective ordinance issued by the township in making that fee assessable on a biannual basis meaning every other year." This "explanation" does not resolve the conflict between the resolutions. Further, neither of the inspection fee resolutions can be harmonized by reference to the license fee resolution, since that resolution requires an annual fee.

The ordinance makes the failure to comply with its provisions a misdemeanor. It is well established that no person can be held criminally responsible for conduct that cannot be reasonably understood to be proscribed. *People v Ford,* 417 Mich 66, 98; 331 NW2d 878 (1982). Because people of common intelligence would be forced to guess at the applicable terms of the ordinance, *Karchon, supra,* the trial court properly found it to be unenforceable.

We also agree with the trial court's conclusion that, as drafted, the inspection provisions of Ordinance 91-002 unconstitutionally authorize searches without warrants. See *Camara v Municipal Court of San Francisco,* 387 US 523; 87 S Ct 1727; 18 L Ed 2d 930 (1967). Unlike the ordinance at issue in *Butcher v Detroit,* 156 Mich App 165; 401 NW2d 260 (1986), the township's ordinance in this case does not require the inspector to advise an occupant that the occupant has the right to refuse entry to an inspector who does not have a search warrant. Indeed, Ordinance 91-002 offers no guidelines regarding the inspection procedure, leaving field inspectors with complete discretion in their inspections of rental units. "This is precisely the discretion to invade private property which we have consistently circumscribed by a requirement that a disinterested party warrant the need to search." *Camara, supra,* pp 533-534. Because the inspection requirement contains no procedure for obtaining search warrants in instances where the occupant refuses to consent to an inspection, the trial court properly concluded that the ordinance is unenforceable.

Affirmed.