## HUSPEN v T & H, INC

Docket No. 139618. Submitted December 1, 1992, at Grand Rapids. Decided June 8, 1993, at 9:40 A.M. Leave to appeal sought.

Fred Huspen, as trustee for Kathryn F. Huspen and other shareholders of T & H, Inc., brought an action in the Berrien Circuit Court against T & H, seeking a determination that the defendant's rescission of a stock subscription agreement and its cancellation of issued shares for nonpayment for those shares were void. A jury determined that no payment had been made for the shares that were issued. The court, Zoe S. Burkholz, J., determined that, because the defendant had not retained the shares as security for performance of the subscription agreement, the defendant was not entitled to rescind the subscription agreement and cancel the issued shares. The court also ordered the plaintiff to pay for the issued shares at the subscription price. The defendant appealed.

The Court of Appeals *held:*

Section 307 of the Business Corporation Act, MCL 450.1307; MSA 21.200(307), provides that in the event of a default in payment of the amount due under a subscription agreement, a corporation may collect the amount due, sell the shares in any reasonable manner, or rescind the subscription, with the effect provided in § 308, and recover damages for breach of contract. Section 308 provides that rescission by a corporation of a subscription under which a part of the shares subscribed for have been issued and in which the corporation retains a security interest, as provided in § 306(c), effects the cancellation of such shares. Sections 306, 307, and 308, when construed together, clearly require the prior retention of the issued shares as security for a subsequent rescission of the subscription agreement and cancellation of issued shares.

Affirmed.

CORPORATIONS — RESCISSION OF STOCK SUBSCRIPTION AGREEMENTS —
    CANCELLATION OF ISSUED SHARES — BUSINESS CORPORATION ACT.
    A corporation may not rescind a stock subscription agreement

REFERENCES

Am Jur 2d, Corporations §§ 541-549, 614-617.

See ALR Index under Corporate Stock and Stockholders; Corporations.

and cancel shares issued pursuant to the agreement for a shareholder's failure to pay for the shares unless the corporation retained the shares as security for the shareholder's performance under the agreement (MCL 450.1306[c], 450.1307, 450.1308; MSA 21.200[306][c], 21.200[307], 21.200[308]).

*Butzbaugh & Dewane* (by *Alfred M. Butzbaugh*), for the plaintiff.

*Howard & Howard* (by *Myra L. Willis* and *Jeffrey P. Chalmers*), for the defendant.

Before: HOOD, P.J., and NEFF and REILLY, JJ.

PER CURIAM. Defendant appeals as of right from a circuit court determination that defendant's rescission of a stock subscription agreement between plaintiff and defendant and defendant's cancellation of the stocks issued to plaintiff were void. We affirm.

In 1987, plaintiff was issued 1,000 shares of defendant's stock pursuant to a subscription agreement whereby plaintiff agreed to pay 50 cents a share. It appears that plaintiff obtained physical possession of the stock certificates. Plaintiff subsequently transferred the shares to various relatives, but retained voting rights pursuant to a voting trust agreement. Plaintiff brought an action in 1990, claiming that defendant had failed to give him notice of shareholder meetings and refused to allow him to vote at the meetings or exercise his proxy. Defendant raised as an affirmative defense plaintiff's failure to pay for the stock as agreed in the subscription agreement. Defendant asserted that the shares "were rescinded for nonpayment of the subscription price" on November 16, 1988, and that thereafter plaintiff no longer had any shareholder rights to exercise.

The issue whether plaintiff had paid for the

shares was submitted to a jury. The jury found that plaintiff had not paid for the stock as provided in the subscription agreement. The parties then submitted to the trial court the issue whether the rescission of the subscription was valid. The court found that the rescission was void. The court also ordered that plaintiff pay defendant the subscription price of $500 for the stock.

The trial court, in making its decision, relied upon §§ 306, 307, and 308 of the Business Corporation Act (BCA), MCL 450.1101 *et seq.*; MSA 21.200(101) *et seq.* The court held that defendant was not entitled to rescind the subscription agreement and cancel the shares because it had not retained the shares as security for performance of the subscription agreement.

Section 307 of the BCA provides that, in the event of a default in payment of the amount due under a subscription agreement, the corporation may (1) collect the amount due under the subscription agreement in the same manner as any other debt owing to it, (2) before full satisfaction of the amount owing, sell the shares in any reasonable manner, or (3) rescind the subscription, with the effect provided in § 308, and recover damages for breach of contract. MCL 450.1307; MSA 21.200(307). Pursuant to § 308:

> Rescission by a corporation of a subscription under which a part of the shares subscribed for have been issued and in which the corporation retains a security interest, as provided in subdivision (c) of section 306, effects the cancellation of such shares. [MCL 450.1308; MSA 21.200(308).]

At the time the shares were issued in this case, MCL 450.1306(c); MSA 21.200(306)(c) provided:

> A corporation may retain any shares as security

for performance by the subscriber of his obligation under a subscription agreement and subject to the power of sale or rescission upon default provided in section 307.[1]

Defendant does not deny that it failed to "retain any shares as security" for plaintiff's performance. Nor does it assert that it acquired a security interest in the shares issued to plaintiff through any other method.[2] Rather, defendant argues that it was not required to retain the shares as security before it could effectuate rescission of the subscription and cancellation of the shares issued to plaintiff. Defendant wants this Court to hold that § 307 stands by itself "as a catalog of the remedies available to a corporation upon default under a subscription agreement." Because § 307 makes no reference to a requirement that a corporation retain shares as security for the performance of the subscription agreement, defendant argues that rescission of the agreement and cancellation of the shares is authorized without reference to § 306 and § 308. We disagree.

A statute must be read in its entirety and the meaning given to one section arrived at after consideration of other sections so as to produce, if possible, an harmonious and consistent enactment as a whole. *State Treasurer v Wilson,* 423 Mich 138, 145; 377 NW2d 703 (1985). Doubtful or ambi-

---

[1] Section 306(c) was amended in 1989 to provide:

A corporation may retain a security interest in any shares as security for performance by the subscriber of his or her obligations under a subscription agreement and subject to the power of sale or rescission upon default provided in section 307. [1989 PA 121.]

[2] See, e.g., MCL 440.8321; MSA 19.8321 and MCL 440.8313; MSA 19.8313, which are provisions of the Uniform Commercial Code governing the creation of a security interest in securities.

guous provisions are construed not in isolation, but with reference to and in the context of related provisions, in order to give effect to the whole enactment. *People v Hill,* 192 Mich App 102, 115; 480 NW2d 913 (1991).

To accept defendant's argument would be, in effect, to ignore the provisions in § 306 and § 308. We believe that it would be improper to do so. Section 307(c) provides a corporation with an option, upon default of payment owed under a subscription agreement, to rescind the subscription, with the effect provided in § 308. That section provides that rescission of a subscription will effectuate the cancellation of issued shares in which the corporation retained a security interest pursuant to § 306. As we have noted previously, § 306 permits a corporation to retain shares as security for performance of the obligations under the subscription agreement, subject to the power of rescission provided in § 307. Thus, § 307, properly read together with § 306 and § 308, permits a corporation to rescind a subscription and cancel any shares issued, if they were retained as security for performance under the subscription agreement.[3] See 8 Revelos, Michigan Practice, Business Organizations, § 2.11, pp 14-17. Even if the statute could be read as permitting the rescission of the subscription in this case,[4] such an interpretation would be of no avail to defendant. After delivery of the shares to the subscriber, defendant could not cancel the shares issued because it did not retain the shares as security for performance of the

[3] Section 307 also permits the corporation to sue for breach of contract. However, defendant has not done so in this case.

[4] In defendant's answer to plaintiff's complaint, it asserted that plaintiff had no rights as a shareholder because the shares issued to plaintiff were rescinded. However, the BCA does not provide such a remedy. The proper remedy, as provided in § 307, § 308, and § 306, is rescission of the subscription and cancellation of the shares.

subscription agreement. Accordingly, we conclude that the trial court correctly found that defendant had no authority to rescind the subscription and cancel plaintiff's shares.

Defendant also argues that the trial court erred in ordering plaintiff to pay only the $500 owed for the shares issued to him. After the decision by the trial court in this regard, defendant brought a motion for reconsideration pursuant to MCR 2.119(F). Defendant asserted that the trial court erred because defendant had the right to rescind the subscription, and that the judgment ordering plaintiff to pay $500 for the shares issued to him did not provide defendant with a full recovery of damages.

The trial court did not abuse its discretion in denying defendant's motion for rehearing. Defendant did not demonstrate "a palpable error" entitling it to a rehearing of the issue of damages. MCR 2.119(F); *Brown v Libbey-Owens-Ford Co,* 166 Mich App 213, 216; 420 NW2d 106 (1987). Defendant did not bring a countercomplaint for damages for plaintiff's default under the subscription agreement. Defendant's answer to plaintiff's complaint seeking declaratory relief simply stated that it was relying on the remedy of rescission.

Although defendant claimed in its motion for rehearing and on appeal that it was entitled to further damages, there is no indication from the record that any other damages were shown. We reject defendant's argument that the trial court should have awarded attorney fees to defendant because there was a finding by the jury that plaintiff did not pay for the stocks as provided in the subscription agreement. Defendant has cited no authority to support its position that it was entitled to attorney fees where plaintiff prevailed in part in the action for declaratory judgment. See

*Wayne Co Sheriff v Wayne Co Bd of Comm'rs,* 148 Mich App 702, 711-712; 385 NW2d 267 (1983). Furthermore, defendant has not specified which portion of § 307 supports its claim that it should have been awarded interest.

Affirmed.