*In re* DURBIN ESTATE

KETCHUM v DURBIN

Docket No. 151351. Submitted March 15, 1994, at Detroit. Decided
May 2, 1994, at 10:20 A.M.

Ralph Durbin, as personal representative of the estate of Joyce
M. Durbin, petitioned the Washtenaw County Probate Court for
authority to distribute wrongful death proceeds from a settle-
ment reached with an insurer concerning the decedent's death
in an automobile accident. The court, John N. Kirkendall, J.,
distributed the proceeds to certain relatives of the decedent,
including some who had not presented a claim to the personal
representative on or before the hearing on the petition for
distribution of the proceeds. Gary Ketchum and other relatives
who had filed claims with the personal representative appealed,
contending that the trial court erred in making awards to the
relatives who had not filed claims with the personal representa-
tive.

The Court of Appeals *held:*

MCL 27.5222; MSA 27.5222 governs the distribution of
wrongful death proceeds when, as in this case, no action under
the wrongful death act is pending. MCL 27.5222(f); MSA
27.5222(f) provides that a person who may be entitled to dam-
ages for wrongful death must present a claim for damages to
the personal representative of the decedent on or before the
date set for hearing on the petition for distribution of the
proceeds and that failure to present a claim for damages within
that time bars the person from making a claim to any of the
proceeds. Under § 222(f), those persons who failed to file a claim
with the personal representative within the prescribed time are
barred from making a claim and from sharing in the distribu-
tion. Remand is necessary for a distribution that excludes those
who did not file claims with the personal representative.

Reversed and remanded.

E.C. PENZIEN, J., dissenting, stated that MCL 700.222(f); MSA

REFERENCES

Am Jur 2d, Death § 378.
See ALR Index under Death and Death Actions.

27.5222(f) bars a person who fails to present a claim within the prescribed time only from making a claim and that MCL 700.222(d); MSA 27.5222(d) requires a distribution of wrongful death proceeds to include persons designated in MCL 600.2922(3); MSA 27A.2922(3) who suffered damages in amounts a probate court considers fair and equitable in light of the relative damages sustained by such persons and the estate of the deceased, regardless of whether such persons filed claims with the personal representative.

DEATH — WRONGFUL DEATH — SETTLEMENT — DISTRIBUTION OF PROCEEDS.

To share in the distribution by a probate court of the proceeds from a settlement related to a wrongful death where no action under the wrongful death act is pending, a person must present a claim for damages to the personal representative of the decedent's estate on or before the date set for hearing on the petition for distribution of the proceeds (MCL 700.222[f]; MSA 27.5222[f]).

*Bodman, Longley & Dahling* (by *Jerold Lax* and *Sandra L. Sorini*), for the petitioner.

*Hewson & Van Hellemont, P.C.* (by *Jerald Van Hellemont*), for the respondents.

Before: JANSEN, P.J., and HOLBROOK, JR., and E. C. PENZIEN,* JJ.

JANSEN, P.J. Appellants appeal as of right from an order dated March 30, 1992, of the Washtenaw County Probate Court distributing wrongful death proceeds. We reverse and remand for further proceedings.

Ralph Durbin and Joyce Durbin were married for twenty-six years. Both had been married previously. Joyce had four children from her prior marriage: Jack Ketchum, Gary Ketchum, Sandra Dionne, and Judy Brown. Ralph had three children from his prior marriage: Harry Durbin, Rich-

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

ard Durbin, and Wesley Durbin. No children were born as a result of Ralph and Joyce's marriage.

On November 16, 1989, Ralph and Joyce were involved in a serious automobile accident with another vehicle. Joyce died on January 18, 1990, as a result of injuries suffered in the accident. Ralph remained hospitalized until April 19, 1990. The driver of the other vehicle involved was insured through Frankenmuth Mutual Insurance Company. A settlement agreement was reached and the insurer agreed to pay the policy limits of $500,000. Ralph Durbin received a check for $250,000 and the estate of Joyce Durbin received a check for the same amount.

A petition for authority to distribute proceeds of the estate of Joyce Durbin was filed on July 18, 1991, by the personal representative of the estate, Ralph Durbin. The probate court ordered on August 2, 1991, that $375,000 of the $500,000 settlement amount be provisionally distributed to Ralph and that the remaining $125,000 be divided among the other interested persons. Those persons, however, were unable to reach an agreement regarding the distribution of the proceeds, so an evidentiary hearing was held on March 23, 1992.

Following the hearing, the probate court issued an amended order distributing proceeds on March 30, 1992, as follows: (1) $350,000 to Ralph Durbin, (2) $50,000 to the estate of Joyce Durbin for her conscious pain and suffering, (3) $100,000 to be distributed as follows—37.5 percent or $9,375 each to decedent's children (Jack Ketchum, Gary Ketchum, Sandra Dionne, Judy Brown)—25 percent or $8,333 each to decedent's stepchildren (Harry Durbin, Richard Durbin, Wesley Durbin)— 22.5 percent or $2,500 each to decedent's grandchildren (Johnny Ketchum, Billy Ketchum, June Hunt, Carolyn Earnest, Michael Pachey, Johnny

Pachey, Jeannette Pachey, Greg Dionne, Tammy Dionne)—15 percent or $3,000 each to decedent's great-grandchildren (Matthew Hunt, Kristina Hunt, Chris Earnest, Amber Earnest, Tommy Pachey).

Appellants claim that the probate court erred in distributing proceeds to those persons who had not filed a claim pursuant to the applicable provision of the Probate Code, MCL 700.222; MSA 27.5222. Because this issue is one of statutory interpretation, it is a question of law and is reviewed for error on appeal. *Smeets v Genesee Co Clerk,* 193 Mich App 628, 633; 484 NW2d 770 (1992); *People v Thomas,* 438 Mich 448, 452; 475 NW2d 288 (1991).

It is undisputed that a notice of hearing and notice to present claims was filed by the personal representative, Ralph Durbin, on July 8, 1991. All the parties on appeal agree that this case is governed by the Probate Code rather than by the wrongful death act because there was no action pending under the wrongful death act. MCL 600.2922(9); MSA 27A.2922(9). Accordingly, we must determine whether the trial court erred in distributing proceeds pursuant to the applicable provisions of the Probate Code, MCL 700.221; MSA 27.5221 and MCL 700.222; MSA 27.5222.

MCL 700.222(f); MSA 27.5222(f) provides:

> A person who may be entitled to damages under this section must present a claim for damages to the personal representative on or before the date set for hearing on the petition for distribution of the proceeds. The failure to present a claim for damages within the time provided shall bar the person from making a claim to any of the proceeds.

A fundamental rule of statutory construction is to ascertain the purpose and intent of the Legislature

in enacting a provision. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 212; 501 NW2d 76 (1993). Where the language of a statute is clear, there is no need for judicial interpretation and the statute must be applied as written. *Id.,* p 208. A provision of a statute must be construed in light of the other provisions to carry out the apparent purpose of the Legislature. *Id.,* p 209.

We find the provision set forth in MCL 700.222(f); MSA 27.5222(f) to be clear and unambiguous. In the instant case, Sandra Dionne, Harry Durbin, Richard Durbin, Wesley Durbin, June Hunt, Carolyn Earnest, Michael Pachey, Johnny Pachey, Jeannette Pachey, Greg Dionne, and Tammy Dionne did not make a claim upon the personal representative on or before the date set for hearing on the petition for distribution of proceeds. Further, these interested persons cannot complain about lack of notice because the notice of hearing and notice to present claims stated the following:

> [I]f you claim to be entitled to damages as a result [of] the wrongful death of Joyce M. Durbin or as a result of injuries resulting in her death, you must present a claim for damages to the Personal Representative on or before the date set for hearing on the Petition for distribution [August 1, 1991] of the proceeds. Your failure to present a claim within the time provided shall bar you from making a claim to any of the proceeds.

Accordingly, the failure of these interested persons to make a claim to the personal representative on or before the date set for hearing bars them from making a claim to any of the proceeds. MCL 700.222(f); MSA 27.5222(f).

We cannot agree with appellees' argument that the court was not prohibited from awarding pro-

ceeds to persons entitled to proceeds under the statute because MCL 700.222(f); MSA 27.5222(f) only bars people from making a claim but not from sharing in the distribution. MCL 700.222(d); MSA 27.5222(d) permits the court to distribute the proceeds to those persons designated in MCL 600.2922(3); MSA 27A.2922(3). However, were we to allow the probate court to distribute proceeds to those persons who had not made a claim as mandated by MCL 700.222(f); MSA 27.5222(f), we would effectively nullify that provision.

A statute must be read in its entirety and the meaning given to one section arrived at after consideration of other sections so as to produce, if possible, an harmonious and consistent enactment as a whole. *Huspen v T & H, Inc,* 200 Mich App 162, 165; 504 NW2d 17 (1993). To accept appellees' argument would be to effectively ignore the provision set forth in MCL 700.222(f); MSA 27.5222(f). This we cannot do.

Accordingly, the probate court erred in distributing proceeds to those who had not made a claim pursuant to MCL 700.222(f); MSA 27.5222(f). We therefore remand to the lower court to distribute the proceeds to those persons who made a claim and to the estate of the deceased for compensation for conscious pain and suffering in a fair and equitable manner after considering the relative damages suffered by each of the persons. MCL 700.222(d); MSA 27.5222(d).

Because of our resolution of this issue, we need not address appellants' second issue that the probate court's distribution of the proceeds was clearly erroneous. We only remind the parties that the distribution on remand should be in amounts the court considers to be fair and equitable considering the relative damages sustained by the parties.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

HOLBROOK, JR., J. I concur in the result only.

E. C. PENZIEN, J. *(dissenting).* Judge JANSEN's opinion in this case, relying on § 222(f) of the Probate Code, MCL 700.222(f); MSA 27.5222(f), which provides that failure to present a claim bars that person from "making a claim," establishes a bright-line rule that says that no person can be awarded any part of the proceeds of a wrongful death settlement if that person has not filed a formal claim.

The adoption of this bright-line rule would prevent the probate court from following the dictates of § 222(d) of the Probate Code, MCL 700.222(d); MSA 27.5222(d), which directs the court to enter an order distributing the proceeds to those persons designated in § 2922(3) of the Revised Judicature Act of 1961, MCL 600.2922(3); MSA 27A.2922(3), who suffered damages in the amount the court considers fair and equitable considering the relative damages sustained by each of the persons and the estate of the deceased.

Section 222(d) of the Probate Code requires the probate court to distribute the proceeds "to those persons designated in section 2922(3) of the revised judicature act of 1961 . . . who suffered damages . . . in the amount as the court considers fair and equitable considering the relative damages sustained by each of the persons. . . ." Nowhere does that section (or any other section) direct the court to distribute the proceeds only to the persons who filed claims.

Section 222(f) of the Probate Code bars a person who fails to present a claim on or before the date

set for hearing on the petition for distribution of
the proceeds "from making a claim" to any of the
proceeds. Nowhere does that section or any other
section bar the probate court from complying with
the mandates of MCL 700.222(d); MSA 27.5222(d).

Judge JANSEN, in effect, adds the words "and
who filed a claim" to the language of § 222(d).
Statutes should be interpreted according to their
words whenever possible. The result reached by
the majority cannot be accomplished without read-
ing into the legislation words that do not physi-
cally appear in the statute.

It is argued that failure to adopt Judge JANSEN's
bright-line rule would emasculate the requirement
for making the claim. I respectfully disagree with
that conclusion. As in other situations where per-
sons fail to make claims such as when answering a
complaint filed in a court of law, the court is not
obliged to grant all the relief prayed for by the
plaintiff. The court retains its authority to do
substantial justice. Failure to present a claim (or
to present an answer in another situation) pre-
vents the person who did not present a claim (or
present an answer) from participating in the pro-
ceedings, i.e., from "making a claim."

Judge JANSEN's bright-line rule sets up a situa-
tion that could lead to results that this writer
believes could not have been contemplated by the
Legislature. For example, if the decedent were to
die intestate leaving two children, one of whom
was in prison because he had grievously assaulted
his mother for years, he might receive the entire
proceeds from her wrongful death merely because
he was sufficiently involved to file the proper piece
of paper with the court. The other son who had
stayed by and comforted and supported his mother
in her lifetime and whose emotions were so af-

fected by the loss that he did not file the right piece of paper would receive nothing.

It is certainly true that courts cannot prevent injustice. It is also true that courts have the right and duty to enforce procedural rules established by law. However, this writer believes that the rules are sufficiently enforced by excluding from active participation in the proceedings those who fail to file a claim. It is sufficient that they will not be allowed to complain of the result reached. The judge should not be compelled to knowingly perpetrate an injustice merely because of the inaction of some individual who might otherwise be allowed to participate.

In my opinion, the procedure set by the Legislature was established to make sure that the due process rights of those who might have an interest in the estate were protected, both those who filed claims and those who did not. Due process is adequately preserved by giving notice and excluding those who do not file from participation in the *process.* It does not require a judge to perpetrate an injustice when justice can be accomplished without the participation of all persons who might otherwise be entitled to participate.

In the case at bar, the personal representative of the estate asserts that he was aware of all those who might be said to have suffered from the decedent's death. He makes no objection to the award by the probate court. The probate judge listened to the evidence presented by those who had filed claims and concluded that the distribution of a small portion of the estate to some who had not filed claims was equitable and in compliance with the mandates of § 222(d) of the Probate Code. In my opinion, the probate judge was correct in concluding that the statute authorized distributions to those who had not filed formal claims in

court and that such a distribution should be made in this case. I am not convinced that the probate judge abused his discretion in the particular distribution in this case.

Finally, the majority would remand this case to the probate court for a new hearing on distribution of the proceeds. The statute expressly permits claims to be presented on the date set for hearing the petition for distribution. It would appear that those persons who have been excluded thus far by the majority's decision should be permitted to file their claims at or before the new hearing.

I would write for reversal had the appellants identified any harm that they suffered or could suffer in the presentation of their own claims. However, they have not done so and I have been unable to do so.

I would affirm the decision of the probate court.