FOREMAN v OAKLAND COUNTY TREASURER

1. CONSTITUTIONAL LAW—STATUTES—FEES—EXPENSES—REASONABLE
   RELATIONSHIP.
   Statutorily enacted fees are presumed reasonable, but may be
   found constitutionally infirm if they bear no reasonable rela-
   tionship to the expense for which they are chargeable; such
   infirmity, however, must appear on the face of the statute itself
   or be established by proper evidence.

2. COURTS—PROBATE COURTS—ADMINISTRATION OF ESTATES—FEES—
   REASONABLENESS—EVIDENCE—BURDEN OF PROOF.
   Fees collected by the probate court in connection with the admin-
   istration of estates pursuant to a statutory fee schedule were
   not shown to be unreasonable where testimony indicated that
   there is a relationship between the size of an estate and the
   amount of work to be done in the administration of that estate.

3. COURTS—PROBATE COURTS—ESTATES OF DECEDENTS—ADMINISTRA-
   TION OF ESTATES—FEES—STATUTES.
   A fee collected by the probate court which is graduated to fit the
   amount of work to be done by the court in the administration
   of the estates of decedents is not a tax, but represents a
   reimbursement by a decedent's estate for specific services ren-
   dered by the court in the administration of that estate (MCLA
   701.17[1]).

4. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATUTORY CLASSIFICA-
   TION—STATE INTEREST—REASONABLE RELATIONSHIP.
   No denial of equal protection results if a reasonable relationship
   exists between a statutory classification and some legitimate
   state interest.

5. CONSTITUTIONAL LAW—EQUAL PROTECTION—STATUTORY CLASSIFICA-
   TION—BURDEN OF PROOF.
   One who assails a classification on the ground that it violates

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 6] 20 Am Jur 2d, Costs §§ 1, 6, 7.
[4–6] 16 Am Jur 2d, Constitutional Law § 16 *et seq.*
  73 Am Jur 2d, Statutes §§ 5, 41.

equal protection of the law has a heavy burden of showing that the classification has no reasonable basis.

6. CONSTITUTIONAL LAW—STATUTES—TITLES OF ACTS—OBJECTS OF ACTS—COURTS—PROBATE COURTS—ADMINISTRATION OF ESTATES —FEES.

A statute imposing probate court fees for the administration of decedents' estates is not in violation of the constitutional mandate that the title of a law must accurately express the object of the law; the title of the act which includes the object of providing for the powers and duties of the probate courts includes the procedural fixing of administrative fees without embracing more than one object; payment of expenses of administration by decedents' estates is germane to the general object of the act (Const 1963, art 4, § 24; MCLA 701.17[1]).

Appeal from Oakland, William John Beer, J. Submitted Division 2 October 15, 1974, at Detroit. (Docket No. 19143.) Decided December 5, 1974. Leave to appeal applied for.

Complaint by Harold Foreman, Executor of the estate of Albert A. Foreman, deceased, Lee Goldhoff, Executrix of the estate of Benjamin B. Goldhoff, deceased, and Marilynn Fishman, Trustee of the estate of Elaine Zeve, deceased, against the Treasurer of the County of Oakland, the County of Oakland, Eugene A. Moore, Donald E. Adams and Norman R. Barnard, as Judges of the Probate Court for the County of Oakland, and the Treasurer of the State of Michigan, for injunctive relief and return of fees paid. Judgment for plaintiffs. Defendant Treasurer of the State of Michigan appeals, and the other defendants cross-appeal. Reversed and remanded with instructions.

*Karbel, Eiges, Rothstein & Karbel,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James B. Saun-*

*ders* and *Thomas J. Giachino,* Assistants Attorney General, for Treasurer of the State of Michigan.

Oakland County Civil Counsel (by *Donald L. Slavin,* Assistant), for defendants Treasurer of the County of Oakland, Oakland County, and Oakland County Probate Judges Eugene A. Moore, Donald E. Adams and Norman R. Barnard.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and CARLAND,* JJ.

T. M. BURNS, J. Plaintiffs commenced a class action in Oakland County Circuit Court challenging the constitutionality of § 17 of Chapter 1 of Michigan's Probate Code, being MCLA 701.17; MSA 27.3178(17) as amended through 1969. Specifically, plaintiffs claimed that the statutory fee schedule, as contained in subparagraph (1) of § 17 and payable under the language of subparagraph (3) of § 17 was in fact a tax or revenue raising scheme devised by the Legislature rather than a fee schedule to be collected as an expense of administration of probating decedents' estates. Thus categorized, plaintiffs alleged that the statute was unconstitutional by virtue of several articles of the Michigan Constitution[1] and sought injunctive relief against the Oakland County Treasurer and Probate Judges and Treasurer of the State of Michigan to cease collecting or enforcing such a fee and to return certain fees already paid.

In the alternative, plaintiffs argued that even if the fee was held not to be a tax, the statute was nonetheless unconstitutional because: (1) the title

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Plaintiffs claimed that the statute was unconstitutional and in violation of Const 1963, art 4, § 24; Const 1963, art 9, § 3 and Const 1963, art 4, § 32.

to the statute contained no reference to the fee imposed by the body of the act in violation of Const 1963, art 4, § 24; (2) the statute creates an arbitrary and discriminatory classification of persons in violation of Const 1963, art 1 § 2 and US Const, Am XIV.

As stipulated to by the parties, the trial court agreed to dispose of this litigation first by taking the testimony of one witness, the Probate Register of Oakland County, and then by trial briefs and oral arguments of all counsel of record. On December 18, 1973, the trial court issued its findings of fact and conclusions of law and entered its judgment sustaining all the claims of plaintiffs. The trial court thus concluded that § 17(1) imposing the fee and § 17(3) requiring that it be paid before the filing of a final accounting or within the period of one year after the commencement of probate proceedings, whichever came first, were both unconstitutional. Additionally, it enjoined further collection of the fee and ordered a return of all the fees previously collected. This appeal followed.

I. *Is the exaction charged by statute against a decedent's estate actually a tax where the rate and amount are based upon the value of the decedent's estate, notwithstanding the fact that the statute calls the exaction a fee?*

The present statute[2] reads as follows:

"Sec. 17. (1) In all decedents estates in which proceedings are instituted for probate on and after January 1, 1970, the probate judge shall charge and collect the following fees as an expense of administration: In small estates under section 41 of chapter 8, $6.25; in small

_____

[2] 1939 PA 288, § 17 as amended by 1966 PA 315, § 1; 1967 PA 276, § 1, 1969 PA 271, § 1 and 1972 PA 264, § 1, being MCLA 701.17(1); MSA 27.3178(17)(1).

estates under section 39 of chapter 8, $18.75; in other estates, on the value of all assets, real and personal, as of the date of the death of the decedent, as follows: Estates of value of less than $3,000.00, $25.00; on value of $3,000.00 and less than $10,000.00, $25.00 plus 5/8 of 1% over $3,000.00; on value of $10,000.00 but less than $25,000.00, $68.75 plus 1/2 of 1% over $10,000.00; on value of $25,000.00 but less than $50,000.00, $143.75 plus 3/8 of 1% over $25,000.00; on value of $50,000.00 but less than $100,000.00, $237.50 plus 1/4 of 1% over $50,000.00; on value of $100,000.00 to $500,000.00, $362.50 plus 1/8 of 1% over $100,000.00; for each additional $100,000.00 value, or larger fraction thereof, over $500,000.00, $62.50; for each additional $100,000.00 value, or larger fraction thereof, over $1,000,000.00, $31.25.

"(2) The probate judge or the probate register shall make 1 certified copy or exemplification of any record, paper or proceeding in such probate court, and shall furnish the same to the fiduciary of the estate or his attorney of record on request therefor, except as shall be hereinafter specifically provided; and shall charge and collect fees for such exemplifications and certified copies as follows: For letters of authority, $2.50; for order confirming adoption, $5.00; for order authorizing waiver of 3-day waiting period and immediate issuance of marriage license, $5.00; for performing a marriage ceremony, $10.00; and for all other exemplifications and certified copies in closed estates, guardianships, and in matters not connected with estates in process of administration or for any other exemplifications and certified copies which the probate judge may issue, at the rate of $2.50 for the first page and $1.25 for each additional page thereof, such charge to cover the entire cost of such certified copy or exemplification, including the certification thereof; issuance of commission to take testimony, $6.25, which fees shall accrue 2/5 to the county treasurer and 3/5 to the state treasurer, to be deposited in the general fund of the county and of the state. Such court, where such order shall necessarily be entered in the administration of an estate, shall deliver to the printer or publisher a certified copy of each order for publication. Such court may in its discretion waive

the fee for performing a marriage ceremony where the parties thereto are indigent and the prospective bride is pregnant. No charge shall be made nor shall any fee be collected on account of or by reason of the furnishing of certified copies in connection with proceedings for the admission and commitment of persons to mental hospitals or any facility or institution maintained or operated by the state or the federal government for the care of mentally ill persons, or for determining inheritance tax. Fees for taking, certifying, sealing and forwarding depositions shall be $5.00, and 10 cents per folio, which shall be considered as costs in the case, and for each copy of the deposition furnished 3 cents per folio. The probate court stenographer may collect for transcripts of testimony requested by any interested party, unless ordered by the probate judge, other than depositions, the sum of 25 cents per original folio and 10 cents for each copy thereof unless a lower rate is agreed upon, and such fees collected shall be paid to such probate court stenographer by the party ordering him, which shall accrue to him in addition to his salary. This section shall not be so construed as to modify or repeal Act No. 243 of the Public Acts of 1919, being section 35.41 of the Compiled Laws of 1948.

"(3) All fees received by the probate court during each month shall be paid to the county treasurer and the state treasurer on or before the tenth day of the succeeding month and shall be credited to the general fund of such county and the state. All fees chargeable under subsection (1) shall be due and payable to the probate judge before the filing of the final account or within a period of 1 year after the commencement of probate proceedings, whichever occurs first, and no such final accounting shall be accepted by the probate judge until such fees have been paid in full and shown as part of the final accounting; an official receipt shall be issued to the payer at the time of each collection of fees."

Defendants concede that the majority of cases construing similar probate fee systems have held that statutory provisions which imposed a graduated probate fee based upon the value of an estate

must be construed as a tax rather than a fee, and as such is violative of constitutional provisions similar to those present in Michigan's Constitution. See 51 Am Jur, Taxation, § 14, pp 47–48; 1 Cooley, Taxation (4th ed), § 33, pp 108–110; 108 ALR 518 and cases cited therein. However, defendants maintain that such authority is not applicable to the case at bar, claiming that the sum exacted by the statute is not a tax, but merely a payment for services rendered to decedents' estates by the probate court.

In *Vernor v Secretary of State,* 179 Mich 157; 146 NW 338 (1914), relied upon by both parties, our Supreme Court was called upon to decide the validity of a so-called automobile licensing fee. The Court pointed out that the Legislature, in imposing an exaction or fee which was larger than what was necessary to defray the expenses to register motor vehicles under the state's police power, did so not on the legitimate basis of defraying some cost of the regulation, but for the benign purpose of raising revenue. Since the title of the enactment did not contain taxation as a stated object, the Court held the statute unconstitutional under Const 1908, art 5, § 21.

Simply stated, *Vernor* stands for the proposition that statutorily enacted fees are presumed reasonable, but may be found constitutionally infirm, if they bear no reasonable relationship to the expense for which they are chargeable. 179 Mich at 168, 169; 146 NW at 342; *Dearborn v State Tax Commission,* 368 Mich 460, 472; 118 NW2d 296 (1962). Such infirmity, however, must appear on the face of the law itself, or be established by proper evidence. 179 Mich at 168; 146 NW at 342.

Defendants submit that a sufficient reasonable relationship exists between the statutory fees in

question and the expenses of administering the decedents' estates to justify the legislation in controversy. In light of the presumptive constitutionality of a statute and the presumed reasonable relationship, plaintiffs have the burden of going forward with the evidence and the burden of proving unreasonableness. *Vernor, supra.*

As stated earlier, the only witness from whom testimony was elicited was the Probate Register of Oakland County. He described the general duties of the staff of the probate court. The following colloquy then took place between the witness and plaintiffs' counsel:

"*Q.* * * * I'm just trying to ask you, sir, if there is any definite relationship between the value of the assets in the estate and the services to be required.

"*A.* I believe generally speaking there is.

"*Q.* Would you say what is that relationship?

"*A.* I think the relationship, *the larger the estate, the more work that must be done in the administration of the estate.*" (Emphasis supplied.)

The witness went on to testify that it is more likely to have litigation over a larger estate than over a small estate.

In properly applying *Vernor* to the case at bar, this Court finds that plaintiffs have failed to produce proper evidence to sufficiently establish that the fee bears no reasonable relationship to the expenses of administering decedents' estates. The testimony of the Oakland County Probate Register established at least a sufficient relationship. The plaintiffs have not carried their burden of proof as a matter of fact and have not rebutted the presumption that the fees in question were reasonable. Nor have plaintiffs convinced this Court that on the very face of the statute, the fees in question were taxes.

We are of the opinion that generally speaking
there is a relationship between the size of the
estate and the amount of work that must be done
by the probate court in the administration of that
estate. The services required from a court in pro-
bate proceedings are, in the main, in proportion to
the appraised value of the estate; that the more
valuable the estate, the greater the time required
of the court in the probate thereof, and conse-
quently the respective higher statutory fee sched-
uled. In the instant case, the fee is graduated to fit
with the amount of work done by the court, not
with the size of the estate. Whereas taxes are the
enforced proportional contributions from persons
and property, levied by the state by virtue of its
sovereignty, for the support of government and for
all public needs, a fee in the nature of the kind
exacted by § 17 of the Probate Code is one which
represents a reimbursement by a decedent's estate
for specific services rendered by the Probate Court
in the administration of that estate. See *Guthrie
County v Conrad,* 133 Iowa 171, 175; 110 NW 454,
456 (1907). Thus, the trial court erred in finding
that such fees were not in relationship to services
rendered, and its conclusion that the exaction in
question was a tax rather than a fee was erro-
neous. Since we hold that statutory exaction was a
fee rather than a tax, the trial court's conclusion
that the statute was unconstitutional as a tax
measure was also improper.

II. *If the charge is not a tax, is it nevertheless
    unconstitutionally violative of the equal pro-
    tection* [3] *of the law because it applies only to
    decedents' estates and not to estates of minor*

---

[3] Const 1963, art 1, § 2; US Const, Am XIV.

*wards, mental incompetents, testamentary trusts, or condemnation cases tried in probate court?*

The "rational basis" test of statutory classification applies when the law allegedly infringing equal protection creates no fundamental rights. Plaintiffs' claim clearly falls within that class. If a reasonable relationship exists between the classification and some legitimate state interest, no denial of equal protection results. *Busha v Department of State Highways,* 51 Mich App 397; 215 NW2d 567 (1974); *Wilkins v Ann Arbor City Clerk,* 385 Mich 670; 189 NW2d 423 (1971). In *Kriger v South Oakland County Mutual Aid Pact,* 49 Mich App 7, 11–12; 211 NW2d 228, 231 (1973), this Court stated:

"States have the power to enact laws which affect some groups of citizens differently from others if the classification is reasonable:

" 'Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' *McGowan v Maryland,* 366 US 420; 81 S Ct 1101; 6 L Ed 2d 393 (1961)."

One who assails a classification on the ground that it violates equal protection of the law has a heavy burden of showing that the classification has no reasonable basis. *Busha, supra; Kriger,*

*supra; Wilkins, supra.* We are of the opinion that plaintiffs in the case at bar have failed to sustain their heavy burden of showing that the statute in question was a denial of the equal protection of the laws. Consequently, their equal protection argument must fail.

III. *If the charge is not a tax, is it nevertheless unconstitutional because it is not within the objects stated in the title to the statute in violation of Const 1963, art 4, § 24?*

1939 PA 288 is entitled:

"An Act to revise and consolidate the statutes relating to the organization and jurisdiction of the probate courts of this state; the powers and duties of such courts, and the judges and other officers thereof; the statutes of descent and distribution of property, and the statutes governing the probating of estates of decedents, disappeared persons and wards, change of name of adults, the adoption of children and the jurisdiction of the juvenile division of the probate courts over children; to prescribe the manner and time within which claims against estates and other actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in actions and proceedings in said courts; appeals from said courts; to provide remedies and penalties for the violation of certain provisions of this act; and to repeal certain acts and parts of acts."

Plaintiffs assert that 1939 PA 288, as amended, violates Const 1963, art 4, § 24, which requires the title of a statute to accurately express the object of the law. We disagree.

In *Kriger v Mutual Aid Pact, supra,* this Court stated that the test to be applied in this situation was that expressed by Justice WIEST in the case of *In Re Lewis' Estate,* 287 Mich 179, 183; 283 NW 21 (1938):

"The title to an enactment is required to be expressive of the purpose and scope of the enactment. *If the enactment comes fairly within and is reasonably a component part of the purpose expressed in the title,* it is not an interloper but a part thereof and so proper as to be expected therein." (Emphasis supplied.)

The enactment here challenged, being a revision and consolidation of laws organizing probate courts, the following language of Justice NORTH in *Regents of University of Michigan v Pray,* 264 Mich 693, 697; 251 NW 348 (1933), is especially pertinent:

"Being a codification, the statute necessarily embodied various and somewhat diversified provisions of the drain law. But as against objections here raised, we do not find that the act violates article 5, § 21 of the Constitution, in that it embraces more than one object or because the title is deficient in that it is not sufficiently broad to cover the provisions of the act. *Title to a codification statute can scarcely be expected to embody reference to every detail of the act. Such is not the constitutional requirement."* (Emphasis supplied.)

Such is the case here. The title here expressed the purpose and scope of the enactment: to revise and consolidate various statutes relating to the probate courts. The enactment was within the purpose and scope expressed in the title. The title of the act which includes the object of providing for the "powers and duties of such courts" includes the procedural fixing of administrative fees, without embracing more than one object. *Bowers, supra; Birmingham v Oakland County,* 49 Mich App 299; 212 NW2d 51 (1973). Payment of expenses of administration by decedents' estates is germane to the general object of the act, and we do not find that the enactment offends the mandate of the

Constitution. Const 1963, art 4, § 24 was not violated.

The judgment of the circuit court is reversed, and the cause remanded for entry of an order dismissing plaintiffs' complaint for no cause of action.

All concurred.