GORNEY v CITY OF MADISON HEIGHTS

DICKERSON v CITY OF FLINT

EWING v CITY OF SOUTHFIELD

Docket Nos. 167631, 169807, 170886. Submitted May 10, 1995, at Detroit. Decided June 2, 1995, at 9:00 A.M. Leave to appeal sought.

Christine Gorney brought an action against the City of Madison Heights in the Oakland Circuit Court, Deborah G. Tyner, J., Lillian Dickerson brought an action against the City of Flint in the Genesee Circuit Court, Donald R. Freeman, J., and Dora Ewing brought an action against the City of Southfield in the Oakland Circuit Court, Gene Schnelz, J., challenging the validity of property tax administration fees imposed by the municipalities pursuant to MCL 211.44(7); MSA 7.87(7). The trial courts granted summary disposition for the municipalities. The plaintiffs appealed. The appeals were consolidated.

The Court of Appeals *held:*

1. MCL 211.47(7); MSA 7.87(7) allows a local treasurer collecting property tax to impose a property tax administration fee where the governing body of the local unit collecting property tax has approved such fee by adopting a resolution or ordinance. MCL 211.44(3); MSA 7.87(3) defines "property tax administration fee" as a fee to offset costs incurred by a collecting unit in assessing property values, collecting the property tax levies, and in the review and appeal processes.

2. The property tax administration fees challenged in these cases are not taxes disguised as fees, which would violate Const 1963, art 4, § 32 and art 9, § 3, because the fees collected did not equal or exceed the costs of administration and therefore cannot be deemed to have been adopted and imposed for the purpose of generating revenue.

3. The Madison Heights property tax administration fee, which was implemented upon the city council's passage of a motion to adopt "the treasurer's recommendation to approve a resolution implementing the changes outlined in the tax laws," was adopted in conformity with MCL 211.47(7); MSA 7.87(7) inasmuch as the motion became a resolution when the motion was passed. Also, the procedure employed did not violate a city

charter provision prohibiting adoption by reference, because the prohibition applies to ordinances, not to resolutions.

4. The Southfield property tax administration fee, which was adopted pursuant to a resolution by the city council, does not violate the city charter. Although one provision of the city charter states that all legislation shall be by ordinance, another provision, which more properly applies here in view of authorization under MCL 211.47; MSA 7.87(7) for adoption of property tax administration fees by resolution, states that resolutions are limited to matters required or permitted by state law.

5. The Flint property tax administration fee does not violate a city charter provision that states that all rents, tolls, excises, and taxes must be enacted by ordinance inasmuch as the fee is not a rent, toll, excise, or tax. Additionally, the nonpublication of the resolution by which the fee was adopted does not violate a city charter provision requiring that all resolutions having the effect of law be printed and distributed, because the resolution was not "law" as defined by the city charter. Finally, the evidence does not support the plaintiff's claim that the fees collected were placed in the general fund, which would violate the requirement under MCL 211.44(4); MSA 7.87(4) that property tax administration fees be used only for the purposes for which they may be collected.

Affirmed.

*Veleta P. Brooks-Burkett,* for Christine Gorney, Lillian Dickerson, and Dora Ewing.

*Sherman & Sherman, P.C.* (by *Barbara J. Scherr*), for City of Madison Heights.

*Michael T. Joliat,* Chief Legal Officer, and *Gault, Davison, Bowers, Hill, Parker & McAra* (by *Richard J. Figura*), for City of Flint.

*John E. Beras,* City Attorney, for City of Southfield.

Before: Hood, P.J., and Sawyer and E. J. Grant,* JJ.

Per Curiam. In these consolidated cases, plain-

* Circuit judge, sitting on the Court of Appeals by assignment.

tiffs appeal as of right the trial courts' grant of summary disposition to defendants. The plaintiffs attack defendants' property tax administration fees, which were adopted pursuant to MCL 211.44(7); MSA 7.87(7). We affirm.

The plaintiffs are property owners in the defendant cities. The defendants each had imposed a property tax administration fee, pursuant to legislation that allows local taxing units to assess a property tax administration fee if the local property tax collection unit approves the fee by ordinance or resolution. MCL 211.44(7); MSA 7.87(7). Plaintiffs claim their respective cities violated MCL 211.44(7); MSA 7.87(7) by not adopting the fee according to the statute. Plaintiffs also assert that the fees are unconstitutional taxes because they fail to distinctly state the tax and constitute double taxation in violation of Const 1963, art 4, § 32 and art 9, § 3.

Our first consideration is whether the property tax administration fee is an unconstitutional tax. Because this issue involves a question of law, we review it de novo. *Cardinal Mooney High School v Michigan High School Athletic Ass'n,* 437 Mich 75, 80; 467 NW2d 21 (1991). A presumption of constitutionality is given to legislative enactments. *Michigan Soft Drink Ass'n v Dep't of Treasury,* 206 Mich App 392, 401; 522 NW2d 643 (1994). The party challenging the constitutionality of a statute bears the burden of overcoming that presumption. *Id.; Caterpillar, Inc v Dep't of Treasury,* 440 Mich 400, 413-415; 488 NW2d 182 (1992).

The challenged section of the General Property Tax Act provides:

> For levies that become a lien in 1983 or any year thereafter, the local property tax collecting treasurer shall not impose a property tax adminis-

tration fee, collection fee, or any type of late penalty charge authorized by law or charter unless the governing body of the local property tax collecting unit approves, by resolution or ordinance adopted after December 31, 1982, an authorization for the imposition of a property tax administration fee, collection fee, or any type of late penalty charge provided for by this section or by charter, which authorization shall be valid for all levies that become a lien after the resolution or ordinance is adopted. [MCL 211.44(7); MSA 7.87(7).]

This act defines property tax administration fee "as a fee to offset costs incurred by a collecting unit in assessing property values, collecting the property tax levies, and in the review and appeal processes." MCL 211.44(3); MSA 7.87(3). This fee amounts to one percent of the local property tax. MCL 211.44(3); MSA 7.87(3). According to plaintiffs, because this charge does not cover the cost of supervision of a specific service it constitutes a tax rather than a fee. We disagree.

This Court has previously distinguished fees from taxes. In *Foreman v Oakland Co Treasurer,* 57 Mich App 231; 226 NW2d 67 (1974), the Court instructed that, in order for a fee to be deemed a tax, there must be no reasonable relationship between the fee and the expense of the service provided. *Id.* at 238. However, where revenue generated by a regulatory "fee" exceeds the cost of regulation, the "fee" is actually a tax in disguise. *Iroquois Properties v East Lansing,* 160 Mich App 544, 563-564; 408 NW2d 495 (1987).

The statutory probate administration fee upheld in *Foreman* was intended as payment for services rendered by the probate court, and the amount of the fee was dependent on the value of the estate. *Foreman, supra* at 234-235, 237. The *Foreman* Court concluded that because the services required

by a court in probate proceedings are proportionate to the appraised value of the estate, the fee represented a payment by a decedent's estate for specific services rendered by the probate court. *Id.* at 239. In *Iroquois Properties,* the refuse collection fee was dependent on the size of the dumpster and frequency of collection. *Id.* at 548-549. The fee was upheld because the revenue generated by the refuse collection fee did not exceed the cost of the service rendered. *Id.* at 564.

These holdings are consistent with the characterization of taxes as revenue-raising measures. *Bray v Dep't of State,* 418 Mich 149, 162; 341 NW2d 92 (1983); *Merelli v St Clair Shores,* 355 Mich 575; 96 NW2d 144 (1959). As has been explained by our Supreme Court in *Dukesherer Farms, Inc v Director, Dep't of Agriculture (After Remand),* 405 Mich 1, 15-16; 273 NW2d 877 (1979):

> [T]axes and assessments . . . have a number of elements in common. Both are exactions or involuntary contributions of money the collection of which is sanctioned by law and enforceable by the courts. . . . [H]owever, . . . . [e]xactions which are imposed primarily for public rather than private purposes are taxes. See *People ex rel the Detroit & HR Co v Salem Twp Board,* 20 Mich 452, 474; 4 Am Rep 400 (1870). Revenue from taxes, therefore, must inure to the benefit of all, as opposed to exactions from a few for benefits that will inure to the persons or group assessed. *Knott v Flint,* 363 Mich 483, 499; 109 NW2d 908 (1961); *Fluckey v Plymouth,* 358 Mich 447, 451; 100 NW2d 486 (1960).

Plaintiffs argue that because no regulatory service is being provided in exchange for the property tax assessment fee, any charge raises revenue and is therefore a tax. Plaintiffs support this argument by noting that defendants are charging the public

for a service in which it would engage even without collection of the fee: tax collection. However, a fee need not be regulatory in order not to be deemed a tax.

The instant fees are more akin to the nonregulatory probate court administration fee in *Foreman.* As in *Foreman,* where the statutory charge was designed to defray the costs of administering the probate estate, the charges in these cases are intended to help localities pay the administrative costs of tax collection. All three defendants provided evidence that the fee has neither exceeded nor equaled the costs of property tax collection. Thus, the fees are not revenue-raising. Plaintiffs have failed to overcome the presumption that the property tax administration fee is constitutional. We find the fee to be just that and not a disguised tax.

The plaintiffs also argue that their respective municipalities failed to meet the statutory requirements for adoption of a property tax administration fee. As set forth above, the imposition of the fee must be authorized through a resolution or ordinance. MCL 211.44(7); MSA 7.87(7).

In the *Gorney* case, defendant's treasurer recommended to the city manager that defendant adopt a resolution to implement the fee. At a meeting of the city council, a motion was made to accept the treasurer's recommendation "and approve a resolution to implement the changes outlined in the tax laws." The motion was passed unanimously, but defendant did not publish a written resolution outlining the fee. Plaintiff argues that this procedure violated the statute because defendant's actions constituted a motion with no adoption of a formal resolution. We disagree.

Plaintiff supports her argument by referring to Madison Heights City Charter, § 7.2, which pro-

vides that "all official action of the Council shall be by ordinance, resolution, motion, or order." "Resolution" is defined as a formal expression of the opinion or will of an official body, adopted by a vote. Black's Law Dictionary (5th ed). Usually, the term "resolution" refers to the adoption of a motion where the subject matter of the motion would not properly constitute a statute. *Id.* Once defendant's city council voted to approve the motion, it became a resolution. Therefore, we find that defendant's action in imposing the fee conformed to the statutory requirements.

We also disagree with plaintiff's argument that because the statutory changes were adopted only by reference, defendant's action was invalid. Because the ordinance relied on by plaintiff prohibits adoption by reference only when acting on an ordinance, not a resolution, we find that defendant's action was not improper. Madison Heights City Charter, § 7.7. Finally, we find that defendant's transcription of taped recordings of city council meetings satisfies the requirement that defendant keep a printed journal of each of its sessions.

In the *Ewing* case, plaintiff argues that because defendant's city charter requires all legislation to be adopted by ordinance, defendant's adoption of a resolution authorizing the imposition of the property tax administration fee was invalid. Plaintiff points to two apparently conflicting provisions in defendant's city charter and submits that one is controlling. Defendant's city charter provides:

> The Council shall act only by ordinance or resolution. The word "resolution" as used in this Charter shall mean official action in the form of a motion and such action shall be limited to matters required or permitted to be done by resolution by

this Charter or by state law . . . . [Southfield Charter, § 4.18.]

All legislation of the City of Southfield shall be by ordinance. [Southfield Charter, § 4.19.]

Plaintiff argues that the latter provision controls.

The rules of statutory construction apply to the construction of city charters. *Detroit v Walker,* 445 Mich 682, 690-691; 520 NW2d 135 (1994). We read statutes in their entirety and give meaning to one section in order to produce, if possible, an harmonious and consistent enactment as a whole. *Huspen v T&H, Inc,* 200 Mich App 162, 165; 504 NW2d 17 (1993). A specific provision controls over a general one where the two conflict. *Gebhardt v O'Rourke,* 444 Mich 535, 542-543; 510 NW2d 900 (1994).

Because § 4.18 of defendant's city charter specifically limits resolutions to matters that are permitted by state law to be addressed as resolutions, we find that its specificity controls over the general provision of § 4.19 requiring all city legislation to be by ordinance. This construction reconciles any possible inconsistencies. Because the General Property Tax Act permits property tax assessment fees to be imposed by resolution, the trial court did not err in concluding that the resolution to impose the property tax assessment fee was proper.

Similar arguments are raised in the *Dickerson* case. Plaintiff argues that because defendant's city charter expressly provides that all rents, tolls, excises, and taxes must be enacted by city ordinance, defendant's adoption of a resolution authorizing the imposition of the property tax assessment fee was invalid. We reject plaintiff's argument that the challenged fee is a tax and further find that it is not a rent, toll, or excise. The fee is not consideration for use of a public facility, which is a toll. It is not rent, which is consideration for

the occupation of property, and it is not a tax on the performance of an act, engagement in an occupation, or enjoyment of a privilege, which is an excise. Black's Law Dictionary (5th ed).

The Flint City Charter requires that all resolutions having the effect of law be printed promptly after enactment and be distributed. Flint City Charter, § 3-303(D). Because defendant did not publish its resolution providing for imposition of the fee, plaintiff argues that it violated its charter. Where a glossary is provided in a statute, we must apply the meaning of the terms as expressly defined. *Harder v Harder,* 176 Mich App 589, 591; 440 NW2d 53 (1989). Defendant's charter defines "law" as "principles of conduct which must be obeyed." Flint City Charter, § 1-404. The property tax assessment fee is not a principle of conduct that requires certain behavior in conformity with the law; it is simply a method of paying for property tax collection. Because the fee is not a law and publication of only those resolutions that have the effect of law is required, the failure of defendant to publish the resolution in issue does not render it invalid. Moreover, because we find that the failure to publish the resolution, even if it were required, did not deny plaintiff any rights, our refusal to reverse the trial court's decision is not inconsistent with substantial justice. MCR 2.613(A).

Plaintiff also argues that the collected fees apparently are placed in the general fund. The lack of segregation of funds, asserts plaintiff, is improper in light of the statutory requirement that property tax administration fees "shall be used only for the purposes for which it may be collected . . . ." MCL 211.44(4); MSA 7.87(4). Plaintiff's argument is discounted by evidence presented by defendant that the amount of the fee collected was

recorded separately from the general fund. No evidence was presented to indicate that the fee was not used for the collection or administration of property taxes. We find no error.

We decline to address plaintiff's final issue, that defendant's affirmative defenses have no application in this matter, because resolution of this issue would have no effect on the outcome of this case.

Affirmed.