ROLLERT v DEPARTMENT OF CIVIL SERVICE

Docket No. 199101. Submitted February 3, 1998, at Lansing. Decided March 6, 1998, at 9:25 A.M.

John Rollert, on medical leave from employment by the Department of Civil Service, brought an action in the Ingham Circuit Court against the department, claiming discrimination in violation of the Michigan Handicappers' Civil Rights Act (HCRA), MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* The plaintiff alleged that the defendant's long-term disability plan, in providing disability benefits for twenty-four months to those who go on disability with fewer than 184 hours of accrued sick time but benefits until age sixty-nine for those who go on disability with at least 184 hours of accrued sick time, is discriminatory against a person like him whose purported handicap, schizophrenia, led to a disproportionate use of sick time. The court, William E. Collette, J., granted summary disposition for the defendant, ruling that the plaintiff had failed to state a claim on which relief could be granted. The plaintiff appealed.

The Court of Appeals *held*:

The plaintiff failed to establish a prima facie case of discrimination under the HCRA. The plaintiff needed to, but did not, demonstrate that he was handicapped as defined by the HCRA, that the handicap was unrelated to his ability to perform the duties of his job, and that he was discriminated against in one of the ways described in the HCRA. The failure to accrue the requisite hours of sick time for qualification for the longer benefit period is not a good proxy for handicapped status because, contrary to the plaintiff's contention, having a handicap does not automatically lead to high usage of sick time. To the extent that a particular handicap does require disproportionate use of sick time, the handicap will at some point, despite reasonable accommodation by the employer, begin to affect the employee's ability to perform the duties of employment such that the protections of the HCRA would no longer apply.

Affirmed.

CIVIL RIGHTS — MICHIGAN HANDICAPPERS' CIVIL RIGHTS ACT — LONG-TERM DISABILITY PLANS — BENEFITS BASED ON ACCRUED SICK TIME.

No connection exists between having a handicap and using a dispro-
portionate amount of sick time at work; a long-term disability plan
that provides for a short benefit period if an employee goes on dis-
ability with less than a specified minimum amount of accrued sick
time and a longer benefit period if the minimum amount of sick
time is met or exceeded does not, within the meaning of the Michi-
gan Handicappers' Civil Rights Act, discriminate against employees
on the basis of handicap (MCL 37.1202[1][b],[c]; MSA
3.550[202][1][b],[c]).

*Fraser Trebilcock Davis & Foster, P.C.* (by *Brian
D. Herrington*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, and *Marie Shamraj*, Assis-
tant Attorney General, for the defendant.

Before: MARKEY, P.J., and BANDSTRA and MARKMAN, JJ.

MARKMAN, J. Plaintiff appeals as of right an order
granting defendant's motion for summary disposition.
We affirm.

Plaintiff, a diagnosed schizophrenic or paranoid
schizophrenic, began working for the Michigan
Employment Security Commission (MESC) in 1983.
(Defendant administers the MESC's benefit plans.)
Plaintiff alleged that defendant's long-term disability
(LTD) plan discriminated against him in violation of
the Michigan Handicappers' Civil Rights Act (HCRA),
MCL 37.1101 *et seq.*; MSA 3.550(101) *et seq.* Pursuant
to the plan, employees who had accrued fewer than
184 hours of sick time, "Plan I employees," were enti-
tled to LTD benefits for twenty-four months while
employees who accrued at least 184 hours of sick
time, "Plan II employees," were entitled to LTD bene-
fits up to the age of sixty-nine. Plaintiff was granted a
medical leave in October 1992. He filed for LTD bene-
fits in March 1993. He was categorized as a Plan I

employee because he had fewer than 184 hours of accrued sick time. Because he previously received benefits during medical absences, plaintiff's LTD benefits ended in April 1994. Plaintiff alleged that the plan's distinction in benefits based on accrued sick time deprived him of LTD benefits and constituted discrimination on the basis of his handicap since he needed to utilize more sick time because of his handicap. Defendant filed a motion for summary disposition, alleging that plaintiff was not "handicapped" as defined by the HCRA and, therefore, not protected by the statute. Further, defendant argued that its LTD plan was not discriminatory. The trial court granted defendant's motion for summary disposition. It held that plaintiff's condition was related to his ability to perform his job and that he was therefore not covered by the HCRA. It also declared that defendant's LTD plan was not discriminatory because "the disparate treatment [was] applied equally to those with and without disabilities."

Appellate review of decisions regarding motions for summary disposition is de novo. *Spiek v Dep't of Transportation*, 456 Mich 331; 572 NW2d 201 (1998).

> MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted. The motion must be granted if no factual development could justify the plaintiff's claim for relief. MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. The court considers the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted or filed in the action to determine whether a genuine issue of any material fact exists to warrant a trial. [*Id.* at 337.]

The HCRA defines the term "handicap" as

[a] determinable physical or mental characteristic of an individual, which may result from disease, injury, congenital condition of birth, or functional disorder, if the characteristic: . . . substantially limits 1 or more of the major life activities of that individual and is unrelated to the individual's ability to perform the duties of a particular job or position or substantially limits 1 or more of the major activities of that individual and is unrelated to the individual's qualifications for employment or promotion. [MCL 37.1103(e)(i)(A); MSA 3.550(103)(e)(i)(A).]

Without deciding the issue, we will assume for purposes of this opinion that plaintiff's mental condition constitutes a "handicap" under the HCRA, (i.e., that plaintiff's mental condition "is unrelated to the individual's ability to perform the duties of a particular job or position").[1] The issue then becomes whether the LTD plan discriminates on the basis of a handicap.

In pertinent part, the HCRA provides that an employer shall not:

(b) Discharge or otherwise discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment, because of a handicap that is unrelated to the individual's ability to perform the duties of a particular job or position.

(c) Limit, segregate, or classify an employee or applicant for employment in a way which deprives or tends to deprive an individual of employment opportunities or otherwise adversely affects the status of an employee because of a handicap that is unrelated to the individual's ability to

---

[1] Defendant contends that plaintiff is not "handicapped" under the HCRA because he was unable to perform his job duties at the time he applied for LTD benefits. Obviously, anyone who applies for LTD benefits is unable to perform their job at that time. The more appropriate analysis is clearly whether plaintiff's handicap was unrelated to his ability to perform his job at the time he was enrolled in the benefit program. However, our analysis does not require us to resolve this issue.

perform the duties of a particular job or position. [MCL 37.1202(1)(b), (c); MSA 3.550(202)(1)(b), (c).]

To establish a prima facie case of discrimination under the HCRA, "a plaintiff must demonstrate (1) that he is handicapped as defined by the HCRA, (2) that the handicap is unrelated to his ability to perform the duties of a particular job, and (3) that he was discriminated against in one of the ways described in the statute." *Tranker v Figgie Int'l, Inc*, 221 Mich App 7, 11; 561 NW2d 397 (1997). Under the approach set forth in *McDonnell Douglas Corp v Green*, 411 US 792; 93 S Ct 1817; 36 L Ed 2d 668 (1973), "the threshold inquiry is whether the plaintiff has established a prima facie case of discrimination." *Meagher v Wayne State Univ*, 222 Mich App 700, 710; 565 NW2d 401 (1997). To establish a prima facie case of discrimination, the plaintiff must produce enough evidence "to create a rebuttable presumption of . . . discrimination." *Id.* at 711. If the plaintiff establishes a prima facie case, the burden of production then shifts to the employer to articulate a nondiscriminatory rationale for the action. *Id.* at 711. If the employer meets this burden of production, the plaintiff must then "prove by a preponderance of the evidence that the legitimate reason offered by the defendant was a mere pretext." *Id.*

Here, plaintiff alleges in his complaint that the plan "discriminates against individuals such as plaintiff who need to use sick time because of their handicap." This claim is premised upon the assumption that handicapped employees disproportionately will be categorized as Plan I employees by virtue of their high utilization of sick time. We cannot accept this argument. First, it is not self-evident that handicapped

employees use disproportionately more sick time than do nonhandicapped employees. Handicapped employees are so characterized on the basis of their handicap, not their propensity to take disproportionate advantage of sick time. Handicapped employees, like nonhandicapped employees, vary in the amount of sick time they utilize. Handicapped employees who accrue 184 hours of sick time will be designated as Plan II employees, not Plan I employees. Concomitantly, nonhandicapped employees who fail to accrue 184 hours of sick time for reasons unrelated to any handicap will be designated as Plan I employees. Therefore, the total group of Plan I employees is both under-inclusive and over-inclusive of the total group of handicapped employees. Accordingly, failure to accrue the requisite hours of sick time to be classified as a Plan II employee is not, in our judgment, a good proxy for handicapped status.[2] Moreover, even if a connection between handicapped status and the utilization of sick time could be demonstrated, it would remain plaintiff's burden to show that the connection was sufficiently strong to implicate the 184-hour line of demarcation between Plan I and Plan II employees.

Second, to the extent that a particular handicap *does* require disproportionate use of sick time, the handicap will at some point begin to affect the employee's ability to "perform the duties of a particular job or position." The HCRA affirmatively requires an employer to reasonably "accommodate" handicapped

---

[2] In his appellate brief, plaintiff states that, for example, a benefit plan that tied benefits to use of the drug AZT would discriminate against persons handicapped with AIDS. Plaintiff's conclusion follows only if there is a relationship between AZT use and having AIDS—which we presume can be shown. Here, though, there is no demonstrated relationship between having accrued sick time of less than 184 hours and being handicapped.

employees, MCL 37.1102(2); MSA 3.550(102)(2). However, we discern nothing in the act to indicate that once such accommodation has been made, handicapped employees are presumed to be either less capable than other employees of performing their duties or more likely to impose additional costs upon an employer through disproportionate use of such benefits as sick leave. Indeed, we believe that the act is premised upon the contrary notion that a fully accommodated handicapped employee will be generally indistinguishable from a nonhandicapped employee. See MCL 37.1103(e)(i); MSA 3.550(103)(e)(i). If plaintiff's premise—that handicapped employees will disproportionately be categorized as Plan I employees because of their handicap-related use of sick time—were true, handicapped employees as a class would be highly distinguishable from nonhandicapped employees with respect to the costs that they impose upon an employer. We cannot conceive of an interpretation of the HCRA that would be better designed to *discourage* the hiring of qualified handicapped employees. There is simply no statutory basis for the conclusion that the HCRA is intended to reach handicaps that bear on an employee's ability to perform his job duties or that impose additional costs on employers going beyond the costs of "reasonable accommodation." For these reasons, plaintiff will be unable to state a claim under the HCRA on the basis of his contention that the plan's use of accrued sick time as a criterion to determine the extent of LTD benefits discriminates against handicapped persons.

In his appellate brief, plaintiff contends that whether there is a link between handicaps such as his

and disproportionate use of sick time is a factual issue that is not amenable to summary disposition under MCR 2.116(C)(8). However, summary disposition under MCR 2.116(C)(8) is appropriate "where no factual development could justify the plaintiff's claim for relief." *Spiek, supra* at 337. As stated above, there is not a demonstrated link between failure to accrue 184 hours of sick time and handicapped status. If such a link could be demonstrated, it would take plaintiff outside the province of the HCRA because it would distinguish handicapped employees from non-handicapped employees with respect to the costs to employers of such benefits going beyond the costs of "reasonable accommodation." Accordingly, we are convinced that no factual development could justify plaintiff's claim that the LTD plan's use of accrued sick time as a criterion for distinguishing levels of LTD benefits discriminates against handicapped persons. Plaintiff fails to allege a relationship between the LTD plan's criterion (accrued sick time) and handicapped status sufficient to make out a rebuttable presumption of discrimination under the HCRA and is thus unable to establish a prima facie case of handicap discrimination.[3] We therefore affirm the trial court's order granting defendant's motion for summary disposition.

Affirmed.

---

[3] In his complaint, plaintiff alleges that there is no actuarial basis for providing different levels of LTD benefits on the basis of accrued sick time and that this criteria "is merely a subterfuge to evade the purposes of the [HCRA]." However, before analysis of a discrimination matter proceeds to the step of determining whether a proffered nondiscriminatory rationale is a pretext, a plaintiff must establish a prima facie case of discrimination. See *Meagher, supra* at 710-711. Here, plaintiff, in our judgment, has failed to state a prima facie case of handicap discrimination.