WAYNE COUNTY v PLYMOUTH CHARTER TOWNSHIP

Docket No. 211590. Submitted January 11, 2000, at Detroit. Decided April 11, 2000, at 9:10 A.M.

Wayne County brought an action in the Wayne Circuit Court against Plymouth Charter Township, seeking payment for the per diem cost of keeping in the county jail violators of the township's ordinances. The court, James J. Rashid, J., granted summary disposition for the county. The township appealed.

The Court of Appeals *held*:

1. Plymouth Township is in a third-class judicial district. A county is authorized to charge a municipality in a third-class judicial district a per diem fee for housing and maintaining in the county jail violators of the municipality's ordinances. Plymouth Township chose to enact its own penal code and chose to arrest and charge offenders under its own ordinances rather than under state law. In doing so, the township was entitled to retain fines and costs resulting from prosecution. Had the township chosen to charge offenders as state misdemeanants, the entire cost of housing the offenders would have passed to the county.

2. The obligation of Plymouth Township to pay for the cost of jailing its ordinance violators is not satisfied by the payment by township residents of a county-wide public safety millage. Revenue raised under the millage is for payment of the expenses of building or acquiring detention facilities, not for the expenses of housing inmates.

3. The per diem fees in dispute do not constitute double taxation. The fees serve a regulatory purpose, not a revenue-raising purpose, the fees are proportionate to the necessary costs of housing prisoners, and the fees are voluntary to the extent the township chose to arrest and charge individuals for violations of its own ordinances, rather than for violations of state law.

Affirmed.

COUNTIES — COUNTY JAILS — MUNICIPAL ORDINANCE VIOLATORS — PER DIEM COSTS OF INCARCERATION — MUNICIPAL CORPORATIONS.

A county in whose jail are kept violators of the ordinances of a municipality that is part of a third-class judicial district may charge the municipality a per diem fee for the cost of housing such

inmates (MCL 600.8103[3], 600.8379[1][c]; MSA 27A.8103[3], 27A.8379[1][c]).

*Edward Ewell, Jr.*, Corporation Counsel, and *Ellen E. Mason*, Assistant Corporation Counsel, for Wayne County.

*Hemming, Polaczyk and Cronin, P.C.* (by *Timothy L. Cronin*), for Plymouth Charter Township.

Amicus Curiae:

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by *John H. Bauckham* and *Roxanne C. Seeber*), for Michigan Townships Association.

Before: ZAHRA, P.J., and SAAD and GAGE, JJ.

PER CURIAM. Defendant Plymouth Charter Township appeals as of right from the judgment entered in favor of plaintiff Wayne County following a circuit court bench trial.[1] The township challenges a pretrial order granting the county's motion for partial summary disposition pursuant to MCR 2.116(C)(10).[2] We affirm.

This case arises from the township's refusal to pay $68,631.50 in per diem fees the county charged the township for housing and maintaining township ordinance violators in the county jail between August 1988 and November 1996. The township refused to pay the fees on the basis that the payment of taxes

---

[1] The Michigan Township Association has filed an amicus curiae brief on behalf of defendant.

[2] The county brought its motion pursuant to MCR 2.116(C)(9) and (C)(10) and the trial court did not specify which section it relied on as the basis for its decision. Because the county and the trial court relied on documentary evidence beyond the pleadings to support the motion for summary disposition, this Court should construe the motion as having been granted pursuant to MCR 2.116(C)(10). See *Driver v Hanley (After Remand)*, 226 Mich App 558, 562; 575 NW2d 31 (1997).

pursuant to a public safety millage passed in Wayne County in 1988 satisfied its obligation to reimburse the county for the cost of care and maintenance of persons housed in county jails.[3] The county argued pursuant to its motion for summary disposition that the township, as a third-class judicial district, is required to pay the per diem fees as a matter of law. The trial court agreed and granted partial summary disposition for the county.

On appeal, the township argues that the trial court erred in ruling that payment of taxes pursuant to the public safety millage is not, as a matter of law, a defense to the county's claim for the per diem fees. We disagree. We review a trial court's grant or denial of a motion for summary disposition de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion under MCR 2.116(C)(10) tests whether there is factual support for a claim. *Id.*; *Radtke v Everett*, 442 Mich 368, 374; 501 NW2d 155 (1993). A court must consider the affidavits, pleadings, depositions, admissions, or any other documentary evidence submitted in a light most favorable to the nonmoving party in deciding whether a genuine issue of material fact exists. *Ritchie-Gamester v City of Berkley*, 461 Mich 73, 76; 597 NW2d 517 (1999); *Rollert v Dep't of Civil Service*, 228 Mich App 534, 536; 579 NW2d 118 (1998).

The township is in a third-class judicial district. MCL 600.8103(3); MSA 27A.8103(3), MCL 600.8121(22); MSA 27A.8121(22). Third-class judicial districts maintain their own district courts and gener-

---

[3] The township has alleged that it paid approximately $600,000 annually as a result of the millage.

ally keep all fines and costs resulting from the prosecution of ordinance violations. MCL 600.8379(1)(c); MSA 27A.8379(1)(c). In first- and second-class judicial districts, the county is responsible for the maintenance of the district court and two-thirds of all fines and costs resulting from the prosecution of ordinance violations must be paid to the county. *Id.* State law requires a county to pay the cost of housing inmates charged with or convicted of state laws, MCL 801.4; MSA 28.1724, and local ordinance violations when a first- or second-class district court has jurisdiction of the offense, MCL 801.4a; MSA 28.1724(1). No specific statutory provision addresses the obligation of third-class judicial districts to pay for the cost of housing ordinance violators in county jails.

The issue in this case was dispositively addressed in *Grand Rapids v Kent Co,* 96 Mich App 15; 292 NW2d 475 (1980), where this Court held that a county is authorized to charge cities in third-class judicial districts a per diem fee to house and maintain ordinance violators in the county jail. *Id.* at 20-21. In the present case, the township argues that *Grand Rapids* does not control because, unlike the cities involved in that case, which were authorized to build and maintain jails, but voluntarily chose instead to house ordinance violators in the county jail, *id.* at 22-23, the township has no authority to build and operate its own jail. We reject this argument because it fails to acknowledge that the township chose to enact its own penal code and, further, chose to arrest and charge offenders under its own ordinances, rather than under state law. In doing so, the township was entitled to retain fines and costs resulting from prosecution. MCL 600.8379(1)(c); MSA 27A.8379(1)(c). Had

the township chosen to charge the offenders as state misdemeanants, the entire cost of housing the offenders would have passed to the county. MCL 801.4; MSA 28.1724. Thus, the trial court did not err in concluding that the county could charge the township for the reasonable costs of housing the violators.

The township argues further that all expenses related to the safekeeping and maintenance of persons held in county jails were satisfied by funds generated by the public safety millage. The township asserts that, even assuming it is obligated to pay the reasonable costs of housing the violators, a reasonable per diem charge should be calculated by subtracting the public safety millage revenues from the actual expenses incurred in housing and maintaining ordinance violators. We find no merit to these arguments. The public safety millage was approved by the Wayne County electorate for a period of ten years and was levied for the following exclusive purposes:

> To acquire, construct, and/or operate jail, misdemeanant, or juvenile incarceration or detention facilities and for adult penalty options such as work release, home detention, and community restitution; with at least one-tenth of a mill to acquire, build and operate a juvenile offender work/training institution.

As such, it is clear that the public safety millage was a revenue-raising measure to pay the capital expenses of building or acquiring and modifying jail facilities.[4] The millage did not create a fund to pay for expenses

---

[4] We reject the argument that the phrase "[t]o acquire, construct, *and/or operate* jail, . . . facilities . . . " should be interpreted to mean that the millage was intended to pay for the operating costs of such facilities. When read in its entirety, it is clear that the purpose of the millage was to raise revenue to create additional jail facilities.

such as personnel, security, food, clothing, medical treatment, and so forth, that would constitute the expenses of safekeeping and maintaining prisoners on a daily basis. Consequently, the township's residents' payment of taxes in connection with the millage did not, in whole or in part, satisfy the township's obligation as a third-class judicial district to pay the per diem fees now at issue.

The township finally argues that the per diem fees constitute double taxation on the basis that the fees are actually an additional tax. We reject this argument because (1) the user fees serve a regulatory as opposed to revenue-raising purpose, (2) the fees are proportionate to the necessary costs of housing prisoners, and (3) the fees are voluntary to the extent the township chose to arrest and charge individuals for violation of its own ordinances, rather than for violation of state law. Accord *Graham v Kochville Twp*, 236 Mich App 141, 150-156; 599 NW2d 793 (1999); *Gorney v Madison Heights*, 211 Mich App 265, 268-270; 535 NW2d 263 (1995); *Foreman v Oakland Co Treasurer*, 57 Mich App 231, 234-239; 226 NW2d 67 (1974); Cf. *Bolt v Lansing*, 459 Mich 152, 158-169; 587 NW2d 264 (1998).

Affirmed. No costs may be taxed, a public question being involved.